IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APPALACHIAN LAND AND CONSERVATION SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>PORTER EQUIPMENT CO.,<br><br>Defendant. | No. 4:25-CV-00472<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION & ORDER**

**NOVEMBER 7, 2025**

### I.     BACKGROUND

Plaintiff Appalachian Land and Conservation Services ("Plaintiff") filed a three-count complaint against Defendant Porter Equipment Co. ("Defendant") alleging fraud, breach of contract, and breach of warranty of fitness for a particular purpose. On April 9, 2025, Defendant served a Request for Admission ("the RFA") on Plaintiff that included three questions seeking answers.[1] Defendant now submits the instant motion on the basis that Plaintiff did not respond to the RFA within the time allotted under the Federal Rules of Civil Procedure, and the RFAs are therefore deemed admitted.[2] Defendant argues that, if the RFAs are deemed admitted, summary judgment is appropriate.[3] Plaintiff, for its part, also submits an argument

---

[1]  Doc. 13 ("Exhibit A").
[2]  FED. R. CIV. PRO. 36(3).
[3]  Doc. 16 (Br. in Supp.) at 3-4.

based solely on timeliness; Plaintiff claims that Defendant's brief in support of the motion was itself untimely and, accordingly, should be barred under Local Rule 7.5[4]

## II. DISCUSSION

The Court cannot properly rule on summary judgment on the briefs as provided, as both are woefully deficient in addressing the actual issue.[5] Moreover, discovery is still ongoing, and Defendants have not submitted a sufficient record to support why summary judgment ought to be addressed prematurely.[6] Given that parties' submissions are far afield of what would be required to fully analyze a motion for summary judgment,[7] the Court will treat this motion as a motion to deem

---

[4] Doc. 17 (Br. in Opp.).

[5] Under Federal Rule of Civil Procedure 56, which sets out the standard for summary judgment, the moving party must show there is "no genuine dispute as to any material fact" such that judgment as a matter of law is appropriate. *See* FED. R. CIV. P. 56. At this point, Defendant has not set out even the elements of the applicable laws on each count, much less explained why admitted RFAs should entitle them to judgment as a matter of law.

[6] Doc. 11 (Sch. Ord.); *Transtech Indus. v. A & Z Septic Clean*, 798 F. Supp. 1079, 1093 (D.N.J. 1992) ("[S]ummary judgment generally should not be granted before an opportunity for discovery."). A motion for summary judgment can be accurately addressed before the close of discovery, but only when parties address the material issues and provide sufficient factual support.

[7] Parties are required to support their legal motions with accurate legal authority. *See Rusack v. Harsha*, 470 F. Supp, 285, 289 n.2 (M.D. Pa. 1978) ("[M]otions must be supported and opposed by competent briefs, i.e., briefs which cite appropriate legal precedent and which evidence some research and understanding of the subject area."); *In re D'Angelo*, 494 B.R. 639, 644 (M.D. Pa. 2013) (explaining that, for summary judgment, "[b]oth the movant and the nonmovant must support the arguments in their pleadings by 'citing to particular parts of materials in the record, including . . . documents, . . . stipulations . . . or other materials.'") (quoting FED. R. CIV. P. 56).

Additionally, to the merits of the issue, given that Plaintiff's complaint contends that Defendant's fraudulent activity was freezing the bulldozer's meter at 2,546 hours, *see* Doc. 1-2 (Compl.) at ¶¶ 13-14, the Court fails to see how the RFAs as admitted would entitle Defendant to judgment as a matter of law. Indeed, Defendant could have frozen the meter at that amount when they received the machine.

certain requests for admission as admitted rather than a motion for summary judgment.

The Court deems the first two RFAs admitted under Rule 36.[8] Additionally, as to Plaintiff's argument that Defendant's brief was untimely, the Court has discretion to depart from our local rules and will do so here, as Plaintiff has not alleged any unfair prejudice suffered from the three day delay of Defendant's brief in support of their admittedly timely motion.[9] Both parties are instructed to comply with all future deadlines.

## III.   CONCLUSION AND ORDER

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **DENIED**. Defendant's motion to deem certain requests for admission is **GRANTED** as to the first two RFAs and **DENIED** as to the last one. The previous discovery and briefing schedule remains in effect.[10]

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[8] Doc. 13. The third RFA states: "You are requested to admit that the dozer which is the subject of the case at bar as having 2,546 hours." What this RFA is purporting to allege is incomprehensible and, thus, the Court will not deem it admitted.

[9] *United States v. Eleven Vehicles*, 200 F.3d 203, 215 (3d Cir. 2000).

[10] Doc. 11 (Sch. Ord.). Additional summary judgment motions and briefing may be made in compliance with the pre-existing discovery schedule, provided that the parties supply the requisite legal and factual support for future submissions.